G. Thomas Martin, III (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400
Fax: 866-583-3695
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, DENISE TERRY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DENISE TERRY, | Case No.: 3:10-cv-00535-EMC |
| Plaintiff, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## **FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, DENISE TERRY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's First Amended Complaint against Defendant, MIDLAND CREDIT MANAGEMENT, INC., alleges and affirmatively states as follows:

## **INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of MIDLAND CREDIT MANAGEMENT, INC., (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

6. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Mateo. County of San Mateo, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with offices in San Diego, San Diego County, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

/ / /

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## FACTUAL ALLEGATIONS

14. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant contacted Plaintiff at her work cellular phone number (415) 424-5588.

16. Defendant contacted Plaintiff at her home telephone number (650) 342-7789.

17. Defendant communicated to third parties, Plaintiff's parents, that Plaintiff allegedly owes a debt. (Exhibit "A")

18. Defendant communicated to third parties, by leaving a voice message in Plaintiff's parents' answering machine.

19. Defendant called Plaintiff at her work cellular phone number, despite being told not to call Plaintiff at her work cellular phone number.

20. Defendant called from a telephone number that came up as "unknown" in Plaintiff's caller i.d.

21. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay her alleged debt, even though Defendant does not intend to do so.

22. Defendant failed to provide a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's parents and stating that Plaintiff owes a debt.

    b. Defendant violated §*1692b(2)* of the FDCPA by stating Plaintiffs owe a debt on their family answering machine, and thus, disclosing Plaintiffs' alleged debt to third parties.

    c. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

parents more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

d. Defendant violated *§1692c(a)(1)* by contacting Plaintiff before 8:00 a.m. or after 9:00 p.m.

e. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at her employment cellular phone number even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

f. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's parents in connection with the collection of Plaintiff's debt.

g. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

h. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.

j. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

k. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

- 5 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, DENISE TERRY, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

25. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

28**.** Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

29. Defendant violated the RFDCPA based on the following:

a. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

   c. Defendant violated *§1788.12(b)* of the RFDCPA by communicating with the debtor's parents regarding the debtor's consumer debt unless such a communication is necessary to the collection of a debt.

   d. Defendant violated *§1788.13(j)* of the RFDCPA by falsely representing that a legal proceeding is about to be instituted unless payment of a consumer debt is made by Plaintiff.

   e. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

## **DEMAND FOR JURY TRIAL**

 PLEASE TAKE NOTICE that Plaintiff, DENISE TERRY, demands a jury trial in this case.

         RESPECTFULLY SUBMITTED,

DATED:  May 4, 2010     KROHN & MOSS, LTD.


       By: _____
         G. Thomas Martin, III
         Attorney for Plaintiff

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**VERIFICATION OF FIRST AMENDED COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

Plaintiff, DENISE TERRY, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil First Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil First Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil First Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the First Amended Complaint.
5. I have filed this First Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this First Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DENISE TERRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4/26/10            _____
                                        DENISE TERRY